## UNITED STATES DISTRICT COURT
## SOUTHERN DISTIRCT OF NEW YORK

| | |
|---|---|
| S.G. and M.G., on behalf of themselves and others similarly situated, <br><br>         Plaintiffs, <br><br>         v. <br><br> Bank of China Ltd., Bank of China U.S.A., BOC International Holdings Ltd., BOCI Commodities & Futures (USA) LLC, CME Group Inc., and New York Mercantile Exchange, Inc., <br><br>         Defendants. | Civil Action No. 23-cv-2866 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS

## INTRODUCTION

Plaintiffs S.G. and M.G. ("Plaintiffs"), by their attorney, Tang PC, make this Motion to Proceed Under Pseudonyms and seek permission to proceed in the above-captioned case as pseudonymous plaintiffs until such time as the Court orders their names to be disclosed.

Plaintiffs are favored by the factor-driven balancing test of the Second Circuit's standard for permitting a plaintiff to proceed under pseudonym because Plaintiffs' interests in preserving their anonymity stemming from their reasonable fear of escalated intimidation and retaliation greatly outweigh the potential prejudice to Defendants and the public interest in immediate disclosure of Plaintiffs' identities.

Accordingly, Plaintiffs respectfully requests that the Court permit them to proceed pseudonymously, until the Court orders otherwise.

## STATEMENT OF FACTS

Plaintiffs S.G. and M.G. and other similarly situated Plaintiffs are investors of Defendant Bank of China Ltd.'s Crude Oil Treasure ("COT"), a highly risky investment product, between January 2018 and April 2020 who suffered irreparable and catastrophic financial losses resulting from the frauds by Defendants Bank of China Ltd., Bank of China U.S.A., BOC International Holdings Ltd., and BOCI Commodities & Futures (USA) LLC, referred to hereinafter collectively as Defendant BOC Group, and unlawful conducts of aiding and abetting or negligence by Defendants CME Group Inc. and New York Mercantile Exchange, Inc., referred to hereinafter collectively as Defendant CME.

Plaintiffs seek to protect their actual identities from public disclosure because Plaintiffs have already suffered severe harm from repeated harassment, intimidation and suppression by the Chinese government and Defendants BOC Group in relation to the events giving rise to their claims, even before the filing of this lawsuit, and Plaintiffs are concerned that filing this Complaint with their true identities at this stage will expose them to a greater risk of harassment, intimidation and retaliation that endanger their physical and mental well-being as well as the prospect of making a living.

## ARGUMENT

Under Federal Rules of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). However, district courts have the discretion to allow plaintiffs to file complaints pseudonymously, or to proceed pseudonymously throughout the course of litigation, in certain circumstances. "[D]istrict courts must balance a plaintiff's interest in

anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants when determining whether to permit a plaintiff to proceed under a pseudonym." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 186-87 (2d Cir. 2008). For the purposes of performing this balancing test, the Second Circuit has set forth a list of ten non-exhaustive factors that courts may take into account in determining whether to permit a plaintiff to proceed pseudonymously. *Id.* at 189-90. The factors include: " (1) [W]hether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;  and (10) whether there are  any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (citations omitted). Courts should take into account other factors relevant to the particular case under consideration when weighing competing interests and analyzing whether anonymity is warranted. *Id.* at 189-90. The same non-exhaustive list of factors governs analysis

of pseudonym in class action litigations. *See Plaintiffs # 1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 270-71 (E.D.N.Y. 2015).

Here, Plaintiffs submit that their interests in preserving their anonymity in proceedings, for the time being, outweigh the public interest in immediate disclosure of their identities and the potential prejudice to Defendants on the grounds that (1) the identification posts a risk of retaliatory physical and mental harm to Plaintiffs and third-parties; (2) Plaintiff will also face other severe harms; (3) Plaintiffs are particularly vulnerable to the possible harm of disclosure; (4) this action challenges an entity of Chinese government; (5) no prejudice against Defendants by allowing Plaintiffs to proceed under pseudonyms; (6) Plaintiffs identity has been kept confidential thus far; (7) there is no furtherance to public interest by the disclosure of Plaintiffs' identity. (8) the public interest in the immediate disclosure of individual Plaintiffs' identity is relatively weak in this class action; (9) the lack of alternative mechanisms for protecting the confidentiality of Plaintiff.

First, Plaintiffs are entitled to proceed under pseudonyms because of a history of intimidation and retaliation. Plaintiffs have a reasonable fear that identification will lead to escalated harassment and increase their risk of retaliatory physical and mental harm. *See Sealed Plaintiff*, 537 F.3d at 190. Courts allow class representatives to proceed pseudonymously where they have a credible fear of retaliation based on broader social and political context. *See Plaintiffs # 1-21, 138 F. Supp. 3d at 274*. It is notable that fear of retaliation by third parties who support the defendant can also justify pseudonymity. *See, e.g., Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000). Plaintiffs have been interrogated, threatened, warned by Chinese police many times for their involvement in the COT customers' organized movement to seek compensation from Defendant BOC Group. The evidence shows that the Chinese

4

government has continuously suppressed and cracked down on the appeal from Plaintiffs and other COT customers, which has already caused Plaintiffs severe mental harm. It is foreseeable that the Chinese government's suppressing and retaliatory actions against Plaintiffs will only worsen upon learning the Plaintiffs' identity. Also, the public disclosure of Plaintiffs identity will result in harms to innocent non-parties, such as Chinese government's actions against Plaintiff's family members, friends, business and business partners and escalating suppression against the COT customers to prevent them supporting this lawsuit. Also, those innocent non-parties will receive unwanted media attention and ensuing harassment and threat from Chinese nationalist group that further negatively impact their safety and life.

Next, there will be other harms to Plaintiff upon the revelation of their identity, including the harms to their livelihood, properties and personal finance. Plaintiffs need to show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011). Plaintiffs own business and properties in China. Based on Chinese government's past actions, Plaintiffs' business and properties will be severely harmed by the Chinese government's further actions to the extent Plaintiffs cannot support their living.

More, Plaintiffs have a strong interest in proceeding pseudonymously given their unusually vulnerable status to the possible harms of disclosure. *See Sealed Plaintiff*, 537 F.3d at 190. Permitting Plaintiffs to proceed pseudonymously can serve the public interest in facilitating the litigation to move forward in a case where ordinary individual plaintiffs challenge governmental activities, because such plaintiffs presumably represent a minority interest and there is likely a public interest in the vindication of their rights. *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Defendant BOC Group is a state-owned entity and part of Chinese government. *See* Complaint ¶ 56. This is the case where individuals fight against their

government, which can readily and easily cause severe harms to Plaintiffs. It follows that Plaintiffs are unusually vulnerable. Furthermore, as set forth above, Plaintiffs have already been deeply afflicted by Chinese government's continuous actions. The disclosure of their identity will push the government retaliatory actions to the extreme and invite the organized assault from nationalist group.

Moreover, this action challenged the Chinese government by virtue of the fact that Defendant BOC Group is an entity of Chinese government.

Further, there is no perceivable prejudice to Defendants because Plaintiffs are merely two of more than 60,000 class members. It is also because Plaintiffs seek anonymity in the pleading stage of this litigation and, if any unforeseen prejudice to defendants did arise, the "prejudice can be mitigated by the district court" ordering disclosure of Plaintiff's name at that time. *See Sealed Plaintiff*, 537 F.3d at 190.

Furthermore, any potential prejudice to Defendants stemming from the concealment of Plaintiffs' names is mitigated by the fact that identity of class members is already known to Defendants. *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988). The list of the COT customers is in Defendants' possession. Plaintiffs also submit the confidentiality of the Plaintiffs thus far shield them from Chinese government targeting them particularly and the disclosure of their identity will likely endanger their life and liberty.

To continue, the nature of this actions shows the immediate disclosure of Plaintiffs' identity is of relatively weak public interest and does not further the public interest. This litigation is about Chinese government entities' unlawful scheme to injury more than 60,000 class members. Plaintiffs are only two of them and thus their personal identity is of little or no public interest. In addition, there is little public interest in the disclosure of Plaintiffs' identity during the pleadings

stage of this action. Here, where Plaintiffs seek this temporary relief of limited duration, any public interest in disclosure of Plaintiff's identity will be completely satisfied if the Court order such disclosure lately.

Lastly, Plaintiffs see no other option to protect them from the harms from the Chinese government. It is a known fact that Chinese government has placed the entire population under massive scale of control through surveillance cameras with facial recognition, the number of which is greater than the population, monitoring of mobile phones, tracking of electronic payment and collecting of positioning data, etc. Plaintiff S.G.' whereabouts, call and whereabouts are monitored by Chinese government. He may have been placed on the "no exit" list that prohibits Chinese nationals from leaving China. Even if Plaintiff S.G. was able to leave China, it would be impossible for all class members to do the same.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs S.G. and M.G. respectfully request that their Motion to Proceed Under Pseudonyms be granted.

Dated:  April 5, 2023                                 Respectfully submitted,

                                                      By: _____*/s/ John Y. Tang*
                                                               John Y. Tang

                                                      John Y. Tang (N.Y. SBN: 4728580)
                                                      **Tang PC**
                                                      1702 Flushing Ave
                                                      Ridgewood, NY 11385
                                                      Telephone: (212) 363-0188
                                                      Facsimile: (212) 981-4869
                                                      john.tang@gettang.com

                                                      Wenjie Cai (N.Y. SBN: 5867569)

**Tang PC**
1702 Flushing Ave
Ridgewood, NY 11385
Telephone: (212) 363-0188
Facsimile: (212) 981-4869
ericat@gettang.com

*Counsel for the Plaintiffs*